Good morning, Your Honors, and may it please the Court. The two main issues on appeal in this case are, number one, whether the separately listed claim elements, double-sided chassis and impeller cover, in Claim 1 of the 355 patent, are entitled to a legal presumption that these elements are distinct components of the patented invention. Can I just ask you a question about a related IPR final written decision that the PTO issued last month on this very same patent, on these very same claims? Are you familiar with that final written decision? I know that that final written decision has come out. Yes, Your Honor. It also invalidated all of these claims, primarily based on the same prior art reference, Duan, right? Yes, Your Honor. I noticed that you, the patent owner, did not file a patent owner response in that IPR. Is that right? Yes, Your Honor. Will your client be filing a notice of appeal based on Duan, and then a final written decision invalidated the claims? Yes, Your Honor. And we made, the client has not made a decision yet. The underlying case, the district court case for this appeal had settled, and so the client is still considering what to do with the other set of IPRs. Right. But I suppose if your client doesn't file a notice of appeal in that other case, then after that time for appeal elapses, that would moot this appeal, would it not? Yes, Your Honor. Okay. Is there a reason why you didn't file a patent owner response? I would say just limited client resources, Your Honor. Okay. Because when I look at the mapping of Duan to the, the proposed mapping of Duan's elements to the claims here, that looks very clean and straightforward. How the lower cover 225 has an inlet, and it also has an outlet that's along the perimeter of the cover 225. You're familiar with all this. Yes, Your Honor, because that same mapping was also, a petitioner in this case had tried to bring in that alternative mapping in the reply, and the PTO properly did not consider that because it was, it's an entirely new mapping, new theory that was brought for the first time in the reply. So I'm familiar from that because, because I worked on this one. The counsel of that other case too, so you, obviously you're familiar with the theory. Yes, Your Honor. The, in the case that is on appeal here, ACETec's expert disagreed that the cutout or the notch that's, it's, that's on the lower cover is an outlet or not. ACETec's expert disagrees that's an outlet, but that's, that's a different issue. That issue was properly not considered by the PTAB in the case that it's on appeal here. And just what, what is the due date of a notice of appeal in the newly decided IPR? It's, it's coming up in a, in a, in a week or two. So, we will likely file a notice. Do you have 63 days? Yes, Your Honor, we do. And I think the final written decision came out about, about a month or five weeks ago, I believe. So, so we have, we have a few more weeks to file the notice. If I find something somewhere about your expert's view about how that cutout is not actually an outlet on the cover of Duan, where would I find that? Is that in this record or is it in that record? It's, it's in the record of this appeal, Your Honor. It is? Yeah. Do you have the site? Yes, Your Honor. Your Honor, may I look the site up? Yes, that's fine. And give you that during my rebuttal time. I know it's in the record because it was in his deposition, deposition testimony. Deposition testimony. Okay, very good. I know you have arguments for this appeal, so please go ahead. Sure, Your Honor. And so, as I was saying, the, the two issues, the first issue is, is, is if a legal presumption should apply. And the second issue is if the court does find that there is a legal presumption of structural distinctness, then whether that presumption is overcome by the intrinsic record of the 355 patent. So, on the first issue of whether a presumption should apply, this court, in many decisions, has found that if claim elements are listed separately, then there is a presumption of structural distinctness. Those cases are Becton Dickinson, Gauss, Conair, Kiyosera, they have all found that. Do those talk about a complete structural separation? The word overlap, does it? The, Gauss, the Conair, and Becton Dickinson did involve partial overlap, and the court had found that, that no overlap is allowed. So distinct means, distinct portions of the prior art structure have to be mapped to distinct claim elements. And I want to be clear that AC Tech is not arguing that the element should be mapped to physically separate, meaning detached, structures of the prior art device. We are not arguing that. The argument is that if there are distinct claim elements, they should at least be mapped to distinct portions of the prior art device. And this court made it very clear in Powell v. Home Depot, where the two separate, separately listed elements, the cutting box element and the dust collection structures were mapped to distinct portion of a unitary structure. So the front part was mapped to one element, the rear part was mapped to another element, and the court found that that was proper mapping, and there was no violation of Becton Dickinson. But here, it's the same portion of Dewan's Accommodation Chamber 21 has been mapped to both the double-sided chassis and the impeller cover. So there, and... What if those things actually were simultaneously the chassis and the cover? The same portion acted as both, functioned as both things. Under the intrinsic record of the case, that portion doesn't have to work for both the double-sided chassis and the impeller cover. But hypothetically, if it did, if we looked at the prior art reference and we could see they're referring to this segment as both a chassis and a cover, why wouldn't that be okay? Because of the presumption, Your Honor. Well, that's what I'm curious about. I know our case uses that word, legal presumption, and we have all this stuff about it. Where does that come from? I mean, this is just claim construction, right? We just look at the language of the claim and see what it means. When you talk about presumptions, you're usually talking about burden shifting and all that kind of stuff. And I don't understand where any of that comes legally, doctrinally out of when we're just talking about claim construction. Even cases that precede Becton Dickinson have always looked to see what the specification teaches when there are separately listed claim elements. Sure, I get that. Linguistically, if you look at a list and you have three different things and they're referred to in three distinct ways, that sounds like they are three distinct things. But what I'm trying to probe and get at is why, because of the way you do just interpretation of language, that means you attach a legal presumption that somehow shifts burdens. Where does that come from? Your Honor, in all canons of claim construction, we do have to look at the specification. So maybe the legal presumption is basically just saying, go look at the specification to see if these are distinct components. Well, if that's the case, though, why is there... Because I think you're calling this a rebuttable presumption, which suggests burden shifting to me. That's what I don't understand. And we don't have to belabor the point because I know it's in our case law, but it makes little sense to me that there's some kind of burden shifting presumption when what you're saying is you go look at the claim language in the context of the specification and determine on a case-by-case basis what that means. Here, you may be right that if you look at this claim language, it suggests two different things and that absent evidence to the contrary, they shouldn't be termed the same thing. On the other hand, because of the way the prior art may be written, maybe they do perform the same function even if they're referred to as two different things. They don't necessarily have to, Your Honor, because the way the claim is written is that a pump chamber is defined at least in part by the double-sided chassis and the impeller cover. So the claim language suggests that there could be a third element. So the double-sided chassis could be on the top, the impeller cover in the bottom, and there could be a third element like a circumferential wall tying them together. So the double-sided chassis and the impeller cover do not have to contact. They do not have to overlap or share features or do anything in order to define the pump chamber. And the specification supports that. So even if you go with the presumption that the separately listed claim elements get a presumption and now we have to look at... So if you had an accused device where the chassis and the cover were the same piece, then it wouldn't infringe? It should not infringe. It should not infringe, Your Honor. And because the specification makes it very clear that these two elements do not have to overlap or share features to perform their functions. In fact, figure 17 and 20 of the 355 patent, which are representative embodiments of the patented invention, clearly show the double-sided chassis, which is formed by the Reservoir Housing 14. Would that be the case even if, in the accused device, the double-sided chassis acted, functioned, the same exact portion functioned as both the chassis and a cover? In your view, if the accused device, because it's constructed differently, has the cover being simultaneously part of the chassis, then it wouldn't infringe your patent? It would not. And AC Tech has not accused any device in which a single component performed both the functions. That has never been the case. And so simultaneously, the prior art should not also be mapped in a way that the two elements would overlap or share features. And so going back to the embodiments in the specification, Your Honor, there's no embodiment that teaches overlap or sharing of features between these two elements. Because I understand you don't have an argument for the non-overlap result that you've made that's independent of the argument of a presumption. Your only argument is there is a presumption. If we looked at the claim language and the spec, overlap would also be impermissible under that form of analysis. Yes, Your Honor. Even if we don't apply a presumption, if we just look at the claim and we are doing just pure claim construction, we would still have to look at the specification. And the specification very clearly teaches that these two elements are separate and intrinsic record prosecution history specification that shows overlap or sharing of features between the double-sided chassis and the impeller cover. So even if we did... But the claim language is a little bit fuzzier about that, right? The claim language clearly says that, states this as distinct components. And yes, Your Honor, this is what the director has argued. And the PTAB had said that nothing in the claim language excludes the no overlap or the claim doesn't require the two elements to be separate. But this is where the presumption comes in. Whether the claim excludes or not, that is not the proper inquiry if we look at the presumption of Becton Dickinson. And just yesterday, Your Honor, this court's decision in Google Ecofactor reaffirmed that there is a presumption of structural distinctness when elements are listed separately in the claim. So if we apply the presumption, we shouldn't even consider whether the claim excludes anything or not because that's where the presumption comes in. And then we look at the specification to see if the presumption of distinctness has been overcome or not. And here it is not because nothing in the specification teaches that there is overlap between the two elements. You have run out of your time, but I will restore the rebuttal time. Sure, Your Honor. I'd like to hear from the other side. Thank you. Thank you, Your Honor. May it please the court. I view this case as focused on claim construction. And when I look at what the other side is saying, they're saying that the claim recites these two elements. And because the specification shows these two elements as distinct structures in the figures and the embodiments, then that's how we should read it. But that, to me, sounds like limiting the claims, using the embodiments of the specification to limit the claims, which is one of the basic rules of claim construction not to do. Isn't this presumption that's been relied on another one of the basic rules of claim construction? I don't believe so. I mean, as we're not going to be ranking basic rules, right? I mean, there's undeniably precedent that talks about how the use of distinct term, the different terms in a claim, carries some sort of quality of presumption, whatever that may mean, that those are referring to at least distinct things, possibly not entirely separate things, but at least distinct things. It is true that in the Kyocera decision, this court used the word presumption here. But as I hopefully outlined in the brief... Even taking out of presumption say ordinarily would be taken to imply whatever. I don't think that there are cases from this court that don't look at it under that lens. I mean, if you look at the Linear Tech case, even the Gauss case, they don't come at this from, you know, that two terms by themselves mean different structure. They come at this in a typical claim construction way. But two terms by themselves means different things usually. Correct. And this court has said that the fact that two terms should have different meanings is different than two terms must have different structure. But if they mean different things, don't they usually mean... When we're talking about physical objects, I mean, if we're talking about functional language, then maybe there's a different thing. But if we're talking about physical objects and they use two different names and putting aside this presumption stuff, I don't know where it comes from either. But just as a matter of language, when you say defined at least in part by an impeller cover and a double-sided chassis, the plain language to me suggests that the cover and the chassis are not the same thing. Well, I think then you're getting into how things are manufactured and, you know, is it really the case that a pump here where, you know, the cover is injection molded so it's all one piece is going to avoid infringement? It just seems strange to me that you would say, you know, whether these things are two separate pieces that are attached with screws or whether they're formed as a single piece dictates infringement here. But that's how they've described it. Isn't that all a patent law that there's infringement or not based upon how they've described their invention? And, you know, your friend suggested that if they did act simultaneously as the same structure, that this wouldn't infringe this patent because it, at least being consistent, she's arguing that these are two separate things. So one that acts functionally as the same two parts doesn't infringe. Well, I think that even if you start with the belief that two separately recited elements typically connote separate structure, when you look at the claim language here, and this is the point that the board made, that the double-sided chassis has an individual function, the impeller cover has an individual function, and then the two of them have a shared function of partially defining the pump chamber. And the overlapping structure here only operates for that shared function. The double-sided chassis needs to separate the stator from the pump chamber, and that's done with just the accommodation chamber in Dwan. We're under Phillips here, right? We're not under BRI? Yes. You might have a better argument if you were under BRI. I don't see how, you know, if you look at the cases finding that the claims require separate structure, I mean, there's much more. I mean, Beckton Dickinson finds that it would have been nonsensical in the context of that patent to not require separate structure. Gauss says that requiring separate structure would defeat the purpose of the invention there. We don't have anything like that here. There's barely a mention of these parts in the specification. And while, yes, the specification shows them as separate, there's nothing in the fact that these share a function. Isn't it still the most natural reading of this? Sure. I mean, I think that, you know, the only reason... Well, is that what we do in claims inspection? I mean, this is the problem. And I understand. But, I mean, when you call physical things by two different names and put them in a list and separate them, that suggests to me that they're two different things, that they're not one thing described in a different way. Well, I just think that you can't just focus solely on the claims. I mean, I guess, let me step back. Yes, they're identified as separate things, but the claims also identify the fact that they share a function. And Gauss specifically says that, you know, in that case... Where does it say they share a function? They're part of the pump chamber, but they're specific. They do different things. One is a cover, and one is a chassis. The function is partially defining the pump chamber. I mean, I see that. That's part of their job. That's the overall thing, and then they're saying it's made up of these different parts. And the parts together have to make up the pump chamber. So they work together, they function together to do that. And that's the point the board made where, you know, the... Hypothetically, if we have basically the same words here, but this was just structured a little differently, and it says, you know, it claims a pump chamber, which is made up of an impeller cover, an impeller, and a chassis, and it lists them like that. Would that change your argument? That looks a lot more like the cases where we've said those, the way that's written, make it three different things. I think if it's just listing the items and not defining them by what functions they perform, certainly that would be a tougher case than we have here. But I... Well, listen, that's what it's doing here. It's just not listing them in that way, it's not saying acting as an impeller cover and a chassis, it's saying defined in part by cover and chassis. And that's what they... I mean, that's identifying their function. It's not telling you, you know, what they look like structurally, or whether they're two separate pieces or not. It's just saying that those two elements together at least partially form the pump chamber. So I don't see why the claim written this way excludes structural overlap, and I think that if you're going to give the claim language its full breadth, you can't adopt a construction that requires structural separateness. So just so I understand, if I can isolate down your argument, is it your understanding of the law that as a starting point when we're examining a claim, different claim terms are thought... The expectation is that they're going to be distinct structures, and there's not going to be shared overlapping structure, unless there's something in the claim language itself or the specification that provides a clue that there can be overlapping structures amongst two different claim elements. And here, in your view, the defined at least in part language in this claim is what gives the patent board the necessary clue to reach the conclusion that there can be overlapping structure between these two elements of the cover and the double-sided chassis. Is that a fair summation of your argument? That's a fair summation of my second argument. Under what you said, I think you would be applying something similar to what this course called a presumption. But I think initially, if you look at the pre-Becton cases, you don't see this presumption applied. The court comes in without this preconceived notion that two elements mean two different structures. And they just look at the intrinsic record to tell them what's going on here. What I'm trying to figure out is what if there's a situation where there are no clues in the claim language or the specification, the intrinsic evidence, and then which way does that tip? I guess you seem to be suggesting that, well, anything goes in those situations. And we can. The claim, therefore, permits this sort of overlapping structure between two claim terms. Whereas the other side, and I guess the claim, I guess the cases we have that use the word presumption, would suggest the opposite. That's correct. And I think that... I mean, you don't have any precedent you can point to that says when there are no clues in the claim language or the specification, then the baseline assumption is that you can't have overlapping structures for two different. There's no case that expressly says that. But if you look at the cases that we cite, the pre-Becton cases that we cite, they essentially approach the issue that way. The Linear Tech case is a clear example where the claim required a second circuit and a third circuit. Wasn't there something in the claim language or the spec that suggested that there could be some kind of shared structure between those circuits? I have it right here. So, I mean, what they said was that, what the court in that case said was, there's nothing in the claim language or specification that supports narrowly construing the terms to require a specific structural requirement or entirely distinct second and third circuits. Rather, the second and third circuits must only perform their stated functions. So that, to me, reads like almost a presumption the other way. That there's nothing precluding them from sharing structure. So that's permissible. And I'm not familiar with the details of the case, but even what you're saying, it sounds to me like you still acknowledge that there has to be two different circuits, even if they're sharing the same structure, to perform those two different circuits. Yeah, and it's, I mean, it's similar back to that same basic linguistic rule that if you refer to two different things, they're two different things. Well, in the linear case, it was that the second circuit and the third circuit shared some structure. So, which is what we have here. So you still have an impeller, you still have the impeller cover and a double-sided chassis that perform their individual functions, but they share some structure that performs the shared function. And I think, going back to Judge Shen, I think that even if you want to apply this presumption, I think the presumption is overcome because of this shared functionality. I mean, the problem I have here is there's nothing in the specification that supports, and I know we don't limit things to the specification, but when it's unclear like this, you seem to want to say it's always going to be shared structure, and they want to say it's never, but I think we have to do our best with the language of the claim in light of the specification. And here, there's nothing to suggest that this is shared structure. I mean, I know you want to argue this language suggests that it is, but let's just assume I don't see anything in the language of the claim that suggests this is shared, that to me, this claim looks like it's separate structure, then I would go beyond that. I would agree that there's nothing in the specification indicating one way or the other, other than the fact that these two elements are shown as separate pieces. So if you don't agree that the shared functionality identified in the claim language isn't good enough, then that goes against what the board found, and I think that we have a claim construction problem, at least with our case. But I think that the shared functionality in the claim language makes sense to me. What the board said makes sense to me, that if two elements are together defining a pump chamber, then it makes sense that there could be some structural overlap, and that there's some shared functionality there. I'm out of my time. I would just like to say at the end that we made an argument that you can affirm based on separate, looking at these in a different way than the petitioner mapped them. I understand that's not something the board found, but it seems incredibly straightforward that the lower cover 225 in Dwan meets all the requirements of the impeller cover, and the accommodation chamber in Dwan meets all the requirements. How can we do that? I mean, that's a generic problem, isn't it? It's a claim construction question, so I agree that it's not our first argument. What you just said about the prior art can't be a claim construction question. Well, I think that, I mean, I guess it's a fact, if appellants going to dispute that the lower cover 225 in Dwan does not meet the requirements of the impeller cover, I guess that's a factual question, but it doesn't seem like a very hard factual question to me, and I'm surprised to hear them contest that because, I mean, as we laid it out, how we laid it out in our brief, I think that it is clearly satisfied. The linear quote where you say there's nothing in the claim land of respect that supports narrowly construing the terms to require specific structural requirement or entirely distinct second and third circuits, but then two sentences down, it says, in fact, the 258 patent specification expressly discloses that the second circuit and the third circuit can share common components, so that's what I was referring to. Yeah, no, there's nothing in the specification here that is similar to that, but, I mean, it, linear tech doesn't approach this from a, I think it's less about the facts here, more about the concept that linear tech doesn't approach this from a, with a presumption of one way or the other. It's just, let's look at the claim land, let's look at the spec, and let's see what they tell us about whether these two elements are, must be distinct or can share structure. Thank you. Thank you, counsel, and we'll have. Your honor had asked during my opening argument, so a site for the deposition testimony about whether the cutout can perform as an outlet or not. It's in the deposition testimony of a LISITEX expert, but I'm not sure if all those pages are in the appendix pages. I have the deposition sites. It's on page 80, 11 to 22, page 63 to 8, but I don't have the appendix. Would that have been filed in the PTO or maybe not even there? It was filed in the PTO, your honor. Oh, okay. Yeah. Yes, your honor. The whole deposition transcript was filed. So, okay, in this IPR, it's all there. In this IPR, it's all there, your honor. And why does he say the cutout isn't an outlet along the perimeter? Because there is no disclosure in Duwan that there is water actually exiting the pump chamber through that cutout. It's mostly a notch that aligns with the outlet 24 of Duwan, but that outlet 24 is on the wall of the accommodation chamber 21. So you need that outlet. The outlet 24, which is on the accommodation chamber, is the outlet through which water is exiting the pump chamber and going into the thermal exchange chamber. Has this expert filed a declaration like that in the other IPR that issued as a final written decision last month? LISITEX expert has not, your honor. LISITEX did not do a pound donor response and did not file a declaration. I'm just fascinated, and I don't understand why LISITEX wants to fight this case and LISITEX laid down in the other case. Client resources, your honor. And still pursuing this. Yeah, client resources allowing you to stand up here. So that's one thing. Your honor, we believe there are important issues of law in this case. For instance, the Bakhtin-Dikinshan issue, which is why we are here today. The problem is, if you're not going to appeal that other case, then it moots this case. And there may be important issues of law here that are really tricky that we won't decide if we don't have to. Yes, your honor. I fully understand. We could project this case for a year and wait for the other case to come up if you actually, with the client resources, file a blue brief and gray brief and everything like that and look at that case and say, you know, there's nothing here to see. This is an easy case. Your honor, we are in discussions with our client and we'll make a decision. I mean, there's judicial resources at stake, too. It's not just client resources. Absolutely, your honor. And we are not trying to issue. But when there's another case that has a very easy, straightforward affirm, it just makes me wonder, why are we thinking and wrestling with this case? You will if you decide not to appeal the other case, let us know in this case, right? Yes, your honor. Would have been useful to get a 28-J letter about last month's final decision on these claims. Yes, your honor. I fully understand. But what we are trying to argue here today is the point of law about Beckman Dickinson and which is an important issue that I deal with it all the time in my practice. So I don't know if I have any more time left. Take one minute. Sure, your honor. I just wanted to clarify just a couple of points. The council had brought up linear tech and Gauss, and I agree that linear tech, the presumption did not apply because the specification did say that the second and the third circuits could share some components. And same with the Gauss-Picard case, which came before Beckman Dickinson and is cited in Beckman Dickinson, the presumption was applied. And it was a case of partial overlap because the court had found that a pair of probe networks, which was one element, could not be in part of a portion of the electrical operating unit, which is a different component. And the court looked at the specification and did not find anything in the specification that would allow that overlap. So the Gauss-Picard is the seminal case that's cited in Beckman Dickinson and so on. So there is precedent, even before Beckman Dickinson, of finding this presumption, even though the word presumption was not actually used. I think you need to end there. Thank you, your honor. Thank you. Thanks to all council cases submitted.